UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEROME R. KERKMAN SC,

        Plaintiff,

v.

        Case No. 20-cv-1779-pp

IRENE E. D'AMICO,

        Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL (DKT. NO. 27) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL (DKT. NO. 30)**

---

The plaintiff has sued the defendant in diversity over fees allegedly owed for legal services performed by the plaintiff for the defendant. Dkt. No. 1-1. The plaintiff brings two claims: breach of contract and unjust enrichment. Id. at 15-17.

On February 3, 2022, the defendant filed a motion to compel discovery. Dkt. No. 27. The plaintiff opposes the motion and has filed a motion to restrict its brief in opposition as well as an exhibit to its brief in opposition. Dkt. No. 30. The defendant has not responded to the motion to restrict.

**I.    Background**

The plaintiff's claims arise from a retainer agreement between the parties in which the defendant hired the plaintiff to do legal work. Dkt. No. 1-1 at ¶¶88-95. The plaintiff is suing the defendant for fees owed based on the defendant's successful judgment in a previous case. The court provided a more

1

detailed description of the facts alleged in the complaint in its order denying the defendant's motion to dismiss. See dkt. no. 6 at 1-10.

On December 15, 2021, the court held a scheduling conference. Dkt. Nos. 24, 26. The defendant stated that she might be filing a motion for summary judgment based on the statute of limitations, asking for an extended discovery and dispositive motions schedule to allow her to file any summary judgment motion prior to the discovery deadline in the event that the case could be resolved on the legal issues. Dkt. No. 26 at 1. The plaintiff asked the court not to set a schedule until it had time to explore a possible trust fund set up by the defendant, allegedly for the purpose of concealing the award from her previous favorable judgment. Id. The court did not set a schedule but clarified that it was not staying discovery and it instructed the parties to address any outstanding discovery demands. Id. at 2.

## II.     Motion to Compel (Dkt. No. 27)

The defendant asks the court to compel the plaintiff to "produce all documents responsive to her document requests, but only documents responsive to her request." Dkt. No. 27 at 1. She accuses the plaintiff of abusing the discovery process by providing her a "document-dump." Id. at 4.

The defendant asked the plaintiff to produce four types of documents: (1) "[a]ny documents referenced in the Complaint that were sent to or from you," (2) "[a]ny documents comprising the contract forming the basis for your first cause of action, including any documents that you contend may have modified the terms of the contract," (3) "[a]ny documents concerning your efforts to

2

collect a fee from [the defendant]" and (4) "[a]ny documents, including but not limited to internal memos and emails, discussing any statute of limitations issues with respect to any claims that were brought or that you ever contemplated bringing against [the defendant] or anyone else concerning the allegations set forth in the Complaint." Dkt. No. 28-3 at 9-10. The defendant asserts that she requested limited discovery into whether the plaintiff's claims are time-barred, but instead received roughly 10,000 individual documents[1] produced without Bates-numbering, some of which are duplicates and triplicates. Dkt. No. 27 at 1-2. She asserts that many of the documents she received "appear to be" unrelated to her requests. Id. at 2. She also says that the production "appeared to be" missing key documents such as an email referenced in one of the interrogatory responses as well as documents concerning any possible tolling agreement. Id.

The plaintiff later supplemented its response, which the defendant still found unsatisfactory. Id. at 2-3. The defendant insists that there are "less than 100 documents referenced in the Complaint as coming from or going to plaintiff" and highlights her instruction to the plaintiff that she did "not want or need every potentially relevant document at this time." Id. at 3 (citing dkt. no. 28-1). The defendant accuses the plaintiff of flooding her with "irrelevant and unresponsive documents to make litigation difficult and expensive." Id.

---

[1] The defendant states that these were 10,000 individual documents, not 10,000 document pages.

3

The defendant also says that the supplement indicated the existence of documents that were not produced and that the plaintiff says it cannot find in its "entire file." Id. As part of the supplement, the plaintiff produced several more documents the defendant was seeking, but allegedly failed to include documents referred to within the initial document, such as a PDF of the unexecuted tolling agreement referred to in an email. Id.

The plaintiff responds that the requests asked for "any" documents and underscores the broad nature of the defendant's first request. Dkt. No. 32 at 2. It asserts that the complaint covered the duration of its representation of the defendant and references its work relating to the trial (including pre- and post-trial work) and appeal of the defendant's case. Id. It says that it produced the "entire file as is kept in the usual course" and in the format to which the parties agreed. Id. The plaintiff then says it also made available six banker's boxes with paper copies of the file, such as the "deposition exhibits, trial exhibits, documents produced, motion pleadings used at hearings, etc." Id.

The plaintiff says that "due to the broad nature of the requests, [it] risked failing to provide all responsive documents unless its entire file was produced." Id. It denies that the plaintiff's requests were "limited." Id. at 3. The plaintiff says it produced the documents in the form they were kept in the usual course, which is permitted by Federal Rule of Civil Procedure 34(b)(2)(E). Id. at 3-4. It insists that it was not required to organize or label the documents if produced in this manner. Id. at 3 (citing Hagemeyer N. Am., Inc. v. Gateway Data Sciences Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004)).

4

Finally, the plaintiff argues that it has offered and acted to help the defendant find documents. Id. at 4. It continues to offer this support, with limitations. Id. Regarding any documents not included in the large production, the plaintiff says that these issues were addressed during a February 3 "meet and confer" between the parties. Id. at 3.

Nothing in the defendant's request for documents limits its requests to documents relating to the statute of limitations. Although the defendant's interrogatories ask about documents "supporting [the plaintiff's] contention that [its] breach of contract and unjust enrichment claims are not barred by the relevant statutes of limitation," her request for documents does not include this same categorical limitation. See dkt. no. 28-3 at 2, 9-10. In contrast, her fourth request specifically asks for documents concerning the statute of limitations—an indication that the original request was not so limited. Id. at 10. The fourth request begs the question—why did the plaintiff make a specific request for discovery relevant to the statute of limitations when her original request was broad enough to cover the documents requested in the fourth request? She asserts that the email she sent along with her first set of discovery requests noted the limited nature of the requests. Dkt. No. 27 at 1. In the email, the defendant told the plaintiff to "[p]lease note the limited nature of these initial requests. We do not want or need every potentially relevant document at this time." Dkt. No. 28-1. Because the defendant did not describe the "limited" nature of the requests, and because the requests themselves

5

include no limitation that the court can identify, the defendant put the plaintiff in the position of guessing what the defendant was seeking.

The complaint included details regarding work the plaintiff performed from pre- to post-trial litigation of the matter for which it says it is owed. When the defendant requested "[a]ny documents referenced in the Complaint that were sent to or from you," the plaintiff understandably read that request to reference nearly every document involved in litigating the relevant matter. Without reviewing each and every document in the production, a task the plaintiff has deemed cumbersome, the court cannot say which documents should or should not be included.

The plaintiff is correct that it did not err in providing the large number of documents. Rule 34(b)(2)(E)(i) states that "[a] party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." (emphasis added). The rule does not require documents produced as kept in the usual course of business to be organized and labeled. See Hagemeyer, 222 F.R.D. at 598. The defendant provided no law to the contrary. The way the plaintiff produced those documents is not prohibited by the law.

With respect to the documents the defendant says the plaintiff failed to produce, the defendant has provided insufficient information about what is missing. She indicates that a "letter exchange described in the Complaint as forming an agreement to defer collection efforts is not part of the emails produced," dkt. no. 27 at 4, but otherwise does not describe what is missing.

6

She does not describe the letter any further—who was it from? To whom was it sent? What was the date? What was the topic of the letter?

The court will deny without prejudice the defendant's motion to compel.

### III. Motion to File Documents Under Seal (Dkt. No. 30)

The plaintiff asks the court to "seal" the Settlement Agreement (Exhibit H, Dkt. No. 31)) and the plaintiff's unredacted brief in opposition to the defendant's motion to compel (Dkt. No. 32). Dkt. No. 30. It has filed a publicly available, redacted version of its brief in opposition and an unredacted version.

The plaintiff has not provided good cause to seal the documents, asserting only that the documents are expected to be kept confidential in compliance with the parties' protective order. Id. at ¶3-5. The fact that the parties agree to exchange documents confidentially under a protective order does not statue sufficient good cause for "sealing" those documents. See Civil Local Rule 79(d) (E.D. Wis.). See also, *e.g.*, Medline Indus., Inc. v. Diversey, Inc., No. 20-cv-1579, 2021 WL 4428212, at **2-3 (E.D. Wis. Sept. 27, 2021) (surveying Seventh Circuit cases holding that while secrecy is "fine at the discovery stage," documents that underpin judicial decisions are open to the public unless they include trade secrets or other categories of "bona fide long-term confidentiality"). The court also notes that the appropriate motion is one to restrict public access to the documents. When the court "seals" a document, only the court has access to it—the parties do not. In response to a motion to restrict access, on the other hand, the court may limits access to the electronic document to the persons or entities specified in the motion.

7

The court will deny without prejudice the plaintiff's motion to seal and give the plaintiff the opportunity to decide whether it wishes to file a motion to restrict the documents. The plaintiff should consider the requirements of Civil L.R. 79(d)(3) and the Seventh Circuit case law if it renews its request.

## IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to compel. Dkt. No. 27.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to seal. Dkt. No. 30.

The court **ORDERS** that if the plaintiff wishes to file a motion to restrict the settlement agreement and its brief in opposition to the motion to compel, it must do so by the end of the day on **April 15, 2022**. The Clerk of Court must **RESTRICT** the documents at Dkt. Nos. 31 and 32 from public viewing until the further order of the court.

Dated in Milwaukee, Wisconsin this 31st day of March, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**