UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEROME R. KERKMAN SC,

    Plaintiff,

 v.              Case No. 20-cv-1779-pp

IRENE E. D'AMICO,

    Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO RESTRICT (DKT. NO. 33) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION OBJECTING TO DEFENDANT'S CONFIDENTIALITY DESIGNATIONS (DKT. NO. 38)**

---

  On April 11, 2022, the plaintiff filed a motion under Civil Local Rule 7(h) (E.D. Wis.) objecting to the defendant's confidentiality designations "on any documents produced to date in response to [the plaintiff's] discovery requests." Dkt. No. 38 at 1. The plaintiff argues that none of the documents warrant protection from public disclosure. Id. The defendant opposes this motion. Dkt. No. 41. Both parties filed declarations. Dkt Nos. 38-1, 42.

  Additionally, the court has yet to decide on the plaintiff's motion to restrict the amended complaint. Dkt. No. 33. The defendant has added arguments to its brief in opposition to the plaintiff's motion on confidentiality designations that pertain to the motion to restrict. Therefore, the court will consider the arguments together in deciding the plaintiff's motion to restrict.

1

## I. Motion to Restrict (Dkt. No. 33)

The plaintiff filed a motion for leave to file an amended complaint, dkt. no. 34, and a motion to restrict its proposed amended complaint because the amended complaint "contain[ed] numerous facts gathered from documents produced and designated as "Confidential" by the Defendant under the Protective Order,"[1] dkt. no. 33 at ¶2. The plaintiff disagreed with the defendant that the documents were confidential and objected to the continued restriction of those documents. Id. at ¶3. The defendant's one-sentence response stated only that she had no objection to the plaintiff's motion for leave to file an amended complaint or to the motion to restrict the documents to case participants. Dkt. No. 37.

The court has told the parties, albeit after the plaintiff filed its motion, that an assertion that a document is "confidential" under a protective order does not constitute cause to restrict the document from public view. Dkt. No. 36 at 7 ("The fact that the parties agree to exchange documents confidentially under a protective order does not [state] sufficient good cause for 'sealing' those documents.") (citing Medline Indus., Inc. v. Diversey, Inc., No. 20-cv-1579, 2021 WL 4428212, at *2-*3 (E.D. Wis. Sept. 27, 2021)). Because the defendant labeled the documents "confidential" and the plaintiff stated its objection to that designation, the defendant had the opportunity—and the burden—to

---

[1] The relevant documents include "(i) a Settlement Agreement and Mutual Release; (ii) an order establishing an RFA Trust; (iii) an RFA Trust Agreement; and (iv) emails related to the settlement and/or trust." Dkt. No. 33 at ¶2. The plaintiff insists that the items are already available to the public. Id. at ¶3. 1.

"provide sufficient facts demonstrating good cause to continue restricting the documents or materials." General L.R. 79(d)(3).

Although the plaintiff filed the motion to restrict, the plaintiff does not believe it is necessary for the court to restrict the amended complaint. Dkt. No. 33. The defendant wants the amended complaint restricted but hasn't established good cause for the court to do so. Dkt. Nos. 37, 41. The court will deny the plaintiff's motion without prejudice. If the defendant wants the amended complaint to remain restricted, the court will give her an opportunity to show good cause why the court should continue to restrict it from public view.

## II. Motion Objecting to the Defendant's Confidentiality Designations (Dkt. No. 38)

The plaintiff argues that no confidentiality designations are warranted for "any document produced to date in this case." Dkt. No. 38 at 2. It further argues that the case is "so entangled with references to the produced documents" that a strict reading of confidentiality designations would "be unworkable and gut the court of its efficiency," pointing specifically to the settlement agreement and trust agreement and stating that if the confidentiality designations aren't removed, "nearly every court document, hearing, and status conference must be restricted from the public." Id. The plaintiff highlights the presumption that all documents are available to the public absent justification and insists that no such justification exists in the case. Id. at 2-3. It says that the trust agreement has been publicly filed, thereby disclosing "a significant portion of the otherwise private settlement

3

process." Id. at 3. Finally, it says that the defendant originally offered, but has since refused, to arbitrate, "forcing this dispute to proceed in a public forum." Id.

The defendant says that she responded to the plaintiff's initial request regarding the documents referred to in the plaintiff's motion to restrict (dkt. no. 33) and that she "agreed to remove the confidentiality designation on the Court Order for the Trust and the 9-page Trust Agreement attached to the petition for that order, items (ii) and (iii) in Plaintiff's Motion to Restrict." Dkt. No. 41 at 1. She says that she agreed to remove the confidentiality designations on those two documents because they had been publicly disclosed but she refused to agree to the same regarding the settlement agreement in the Arizona case and the emails related to the settlement and trust because they had never been made public. Id. The defendant asserts that there are confidential documents within the production, including the settlement agreement in the Arizona case which "has its own confidentiality provision that sets forth confidentiality as a material part of the settlement . . . because the settlement amount and other terms are nonpublic confidential personal and business information . . . ." Id. at 2-3. She then explains that the specific terms of the agreement were not previously made public in the Oregon case. Id. at 3. The defendant also points to the trust agreement, which she says is "unquestionably nonpublic confidential personal, financial, and business information pursuant to the Protective Order." Id. Finally, she points to her emails related to the settlement agreement and asserts that they "relate to intimate financial and tax issues,"

4

arguing that she has an "intrinsic interest in keeping private communication with the advisors private." Id.

There is no indication that the documents about which the parties disagree (the settlement agreement in the Arizona case and the emails related to the settlement and trust) have been or will be filed with this court. If they make their way to the docket, the defendant may move to restrict—complying with the requirements of Gen. L.R. 79(d)(3) and showing good cause—and the plaintiff may object as it sees fit. The court will not make a determination as to whether confidentiality designations should be removed from documents that have not been filed on the record in this case and will deny the motion without prejudice.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to restrict the amended complaint. Dkt. No. 33.

The court **ORDERS** that the defendant may file a motion to restrict the amended complaint by the end of the day on **May 27, 2022**. The defendant's motion must comply with Gen. L.R. 79(d)(3) and show good cause for restricting, in compliance with Seventh Circuit law. If court does not receive a motion by the end of the day on May 28, 2022, the court will direct the clerk to file the unredacted amended complaint on the docket.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion objecting to the defendant's confidentiality designations. Dkt. No. 38.

The court **ORDERS** that the amended complaint at Dkt. Nos. 34-2, 44-2 remain **RESTRICTED** until further order of the court.

Dated in Milwaukee, Wisconsin this 16th day of May, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**